UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE McDANIELS, | |
| Plaintiff, | 3:10-CV-00665-LRH-VPC |
| v. | |
| STATE OF NEVADA, ex rel., its DEPARTMENT OF MOTOR VEHICLES & PUBLIC SAFETY, a government entity, | ORDER |
| Defendant. | |

Before the court is Defendant's Motion to Dismiss (#13). Plaintiff filed an opposition (#14), to which Defendant replied (#15).

This action arises out of Plaintiff's employment with the Nevada Department of Motor Vehicles. Plaintiff alleges two claims for relief: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623; and (2) retaliation for having filed a sexual harassment and hostile work environment claim. No legal provision is cited in Plaintiff's second claim for relief; however, elsewhere in the complaint Plaintiff cites Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

Defendant moves to dismiss the ADEA and § 1981 claims as barred by the Eleventh Amendment. Plaintiff's opposition is silent on this issue. Under the Eleventh Amendment, in the absence of a waiver by the state or a valid congressional override, the state and its agencies are

1  immune from private damage actions or suits for injunctive relief brought in federal court.  *Dittman*
2  *v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  This includes claims under the ADEA and
3  § 1981.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000); *Wagner v. Conn. Dep't of Corr.*,
4  599 F. Supp. 2d 229, 238 (D. Conn. 2009).  "Nevada has explicitly refused to waive its immunity
5  to suit under the Eleventh Amendment."  *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982);
6  *see also* Nev. Rev. Stat. § 41.031(3).  Nevada's retention of Eleventh Amendment immunity "bars
7  all actions against Nevada in federal court, including those brought by Nevada residents."  *Romano*
8  *v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999); *O'Connor*, 686 F.2d at 750.  For this reason, the
9  court will dismiss Plaintiff's ADEA and § 1981 claims.

   Defendant also moves to dismiss the Title VII claim on the ground that the complaint fails to establish jurisdiction for the claim.  While Plaintiff alleges she obtained a right to sue letter from the EEOC and her suit is "timely," Defendant points out that the complaint fails to provide the date on which she received the right to sue letter, either by allegation or attachment of the letter. However, Plaintiff provided the letter in her opposition, and in its reply Defendant appears to withdraw its motion, conceding that the claim is timely as filed within 90 days of the right to sue letter.  Accordingly, the motion to dismiss will be denied as to the Title VII claim.

   IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#13) is GRANTED in part and DENIED in part.

   IT IS SO ORDERED.

   DATED this 31st day of January, 2012.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE