UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE McDANIELS,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA, ex rel. its<br>DEPARTMENT OF MOTOR VEHICLES &<br>PUBLIC SAFETY, a governmental entity,<br><br>            Defendant. | 03:10-CV-00665-LRH-VPC<br><br>ORDER |

This is an employment dispute. Before the court is defendant State of Nevada *ex rel*. its Department of Motor Vehicles and Public Safety's ("DMV's") Motion for Summary Judgment (#31[1]). Plaintiff Lorraine McDaniels has responded (#34), and the DMV has replied (#35).

**I.     Facts and Procedural History**

McDaniels began working for the DMV in August of 2000. (McDaniels' Decl. #34-1, ¶ 4.) She worked in the "call room," in which her responsibilities included answering phone calls and providing information on vehicle registrations, driver's licenses, and other areas within the DMV's bailiwick. (Lee's Decl. #31-17, ¶ 6.)

In June 2005, another DMV call room employee complained when McDaniels began referring calls about certain rebates to the Nevada Governor's office. (McDaniels' Dep. #31-1, p.

---

[1] Refers to the court's docket number.

64:4-17; DMV's Ex. 2 #31-2, p. 455.) McDaniels' supervisor then removed McDaniels from the "lead technician" position. (DMV's Ex. 2 #31-2 at 454.) In October of the same year, McDaniels filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC"), alleging that the complaining employee had made sexually inappropriate comments to her in May 2005. (DMV's Ex. 3 #33-3.) McDaniels alleged that her removal from the lead technician position was retaliation for reporting these comments. (*Id*.) NERC eventually found that "the evidence presented did not meet the legal criteria for establishing that discriminatory acts occurred." (DMV's Ex. 4 #31-4.)

McDaniels contends that she suffered increasing harassment after filing her NERC charges. In October 2005, McDaniels filed a grievance because the DMV allowed her one rather than two days off during the Christmas holiday. (McDaniels' Dep. #33-1 at 55:3-12.) In January 2006, McDaniels received a reprimand for failing to follow the holiday work schedule. (DMV's Ex. 5 #31-5.) In July 2006, McDaniels received a reprimand for making personal calls (including long-distance calls) using the DMV's phone. (DMV's Ex. 6 #31-6.) In November 2006, McDaniels received an oral warning for repeated tardiness. (DMV's Ex. 8 #31-8.) After McDaniels filed a grievance relating to the November warning, the DMV removed the warning from her employment record. (DMV's Ex. 9 #31-9.)

Thereafter, McDaniels' employment continued without incident until April 2007. On April 9, 2007, McDaniels received a reprimand for giving out incorrect information. (DMV's Ex. 11 #31-11.) On April 25, 2007, a dispute over the proper characterization of McDaniels' leave time escalated into a shouting match. (DMV's Ex. 12 #31-12.) McDaniels initially refused to discuss the issue in her supervisor's office, instead raising her voice and eventually concluding, loudly, "This is bullshit. I don't have to put up with this." (*Id*. at 720.) McDaniels expressed her belief that she was being "picked on" and "bullied," and she offered condolences to other DMV employees for having to work in that "shit hole." (*Id*. at 721.) On May 7, 2007, McDaniels received a fifteen day suspension for the April 25 incident. (*Id*. at 718.)

1    McDaniels served the suspension, and she filed an appeal within the DMV. (Lee's Decl.
2 #31-17 at ¶ 27.) On July 16, 2007, McDaniels received a reprimand for putting a customer on hold
3 to microwave her lunch (an accusation McDaniels disputes). (McDaniels' Decl. #34-1 at ¶ 16.) On
4 July 26, 2007, McDaniels resigned her employment. (*Id*. at ¶ 17.) In her letter of resignation, she
5 noted that she had "been harassed, bullied, and improperly singled out. These working conditions
6 are intolerable and outrageous, forcing me to resign." (DMV's Ex. 13 #31-13.) McDaniels'
7 resignation operated to terminate her appeal. (Lee's Decl. # 31-17 at ¶ 28.)

8    McDaniels filed a Charge of Discrimination with NERC on March 4, 2008, alleging
9 discrimination and retaliation during the period from April 13, 2007 until August 16, 2007.
10 (DMV's Ex. 14 #31-14.) McDaniels filed this action on October 22, 2010, also alleging
11 discrimination and retaliation. (Complaint #1.) McDaniels pegs the beginning of the retaliatory
12 behavior to her 2005 NERC charges. On January 31, 2012, the court dismissed the discrimination
13 claim on Eleventh Amendment grounds. (Order #16.) Accordingly, the only remaining claim for
14 adjudication at summary judgment is McDaniels' retaliation claim.

15 **II.    Legal Standard**

16    Summary judgment is appropriate only when "the pleadings, depositions, answers to
17 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
18 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
19 law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together
20 with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
21 to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475
22 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154
23 (9th Cir. 2001).

24    The moving party bears the burden of informing the court of the basis for its motion, along
25 with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
26 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

1 must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
2 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
3 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

4       To successfully rebut a motion for summary judgment, the non-moving party must point to
5 facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*
6 *School District No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect
7 the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
8 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment
9 is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material
10 fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for
11 the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of
12 evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
13 there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

14 **III.  Discussion**

15       McDaniels has failed to demonstrate a genuine issue of material fact with respect to her
16 retaliation claim. Accordingly, summary judgment is appropriate.

17       The DMV first challenges the timeliness of McDaniels' claim. McDaniels' retaliation claim
18 falls under Title VII, 42 U.S.C. § 2000e-3(a). Under this provision, it is "unlawful . . . for an
19 employer to discriminate against any of his employees . . . because he has opposed any practice
20 made an unlawful employment practice [by Title VII]." A plaintiff establishes a prima facie case of
21 retaliation by showing "that she engaged in a protected activity, that she was thereafter subjected by
22 her employer to adverse employment action, and that a causal link exists between the two." *Cohen*
23 *v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982). If the plaintiff establishes her prima facie
24 case, the burden of production shifts to the employer to demonstrate a legitimate, non-
25 discriminatory reason for the adverse employment action. *Ray v. Henderson*, 217 F.3d 1234, 1240
26 (9th Cir. 2000). And if the employer demonstrates such a reason, the burden shifts back to the

4

plaintiff to show that the reason was "merely a pretext for a discriminatory motive." *Id.*

In addition, Title VII imposes its own statute of limitations on retaliation claims. "Section 2000e-5(e)(1) requires that a Title VII plaintiff file a charge with the Equal Employment Opportunity Commission (EEOC) either 180 or 300 days 'after the alleged unlawful employment practice occurred.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). This statute precludes recovery for "discrete acts of discrimination or retaliation" that occur outside of the statutory time period. *Id.*

Here, McDaniels filed her charges with NERC on March 4, 2008. NERC operates under a "constructive filing agreement" with the EEOC, which means that the 300 day limitation period applies to conduct occurring before March 4. *See* 41 U.S.C. 2000e-5(e)(1). Therefore, Title VII prohibits McDaniels from recovering for "discrete acts . . . of retaliation" occurring before May 9, 2007.

McDaniels argues that the "continuing violation doctrine" has tolled the 300 day limitations period with respect to her retaliation claim. Citing a 1996 case from the Northern District of New York, McDaniels alleges that "where an employer has engaged in continuous [sic] policy of discrimination," the employee may recover for acts outside the limitations period. (McDaniels' Response #34, p. 8:5-6 (citing *Farrell v. State of N.Y.*, 946 F. Supp. 185, 192 (N.D.N.Y. 1996)).)

This argument suffers from a number of fatal infirmities. First, *Farrell* dealt with a "pattern or practice" discrimination claim. 946 F. Supp. at 192. Not only is this a different claim from McDaniels' retaliation claim, *see Morgan*, 536 U.S. at 115 n. 9, but McDaniels has presented no evidence tending to establish that retaliatory discipline was part of the DMV's "standard operating procedure," *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977). The latter is McDaniels' burden to produce if she is to survive summary judgment on a pattern-or-practice claim. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir.2005). Second, *Morgan* overruled the continuing violation doctrine with respect to retaliation claims because "each retaliatory adverse employment decision constitutes a separate 'unlawful employment practice.'" 536 U.S. at 114.

5

1  Therefore, because McDaniels' 300 day window commences on May 9, 2007, prior discrete
2  retaliatory acts—including everything except the July 16, 2007 reprimand—are no longer
3  actionable.[2] *See id.* at 115.

4  Finally, McDaniels has failed to raise a genuine issue of material fact with respect to
5  retaliation and the July 16 reprimand. In order for McDaniels to succeed, she must show that her
6  2005 sexual harassment complaint caused her 2007 reprimand.[3] *Cohen,* 686 F.2d at 796. But she
7  has presented no evidence of this causal connection, and over twenty months is too long to support
8  an inference of causation based on temporal proximity. *See, e.g., Clark Cnty. Sch. Dist. v. Breeden*,
9  532 U.S. 268, 274 ("Action taken (as here) 20 months later suggests, by itself, no causality at all.").
10 Moreover, in order for the July reprimand to have been an "adverse employment action" within the
11 meaning of Title VII, it must have had the power to "dissuade a reasonable worker from making or
12 supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57
13 (2006). Without more, the DMV's admonishment—even if unjustified—that McDaniels should not
14 put a customer on hold in order to microwave her lunch does not possess such power. *See id.* at 69
15 ("A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty
16 slight."). Therefore, summary judgment is appropriate.

17 ///
18 ///
19 ///

---

[2] McDaniels has not alleged a hostile work environment claim, for which something like the continuing violation doctrine may still toll the 300 day period. *Morgan*, 536 U.S. at 121. Furthermore, since the evidence adduced reveals only discrete instances of formal discipline, McDaniels' retaliation claim will not bear construction as a hostile work environment claim for the purpose of tolling. *See id.* at 116.

[3] McDaniels' 2005 NERC charge satisfies the engaged-in-a-protected-activity prong of the prima facie case. *See, e.g.*, *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

**IV. Conclusion**

IT IS THEREFORE ORDERED that the DMV's Motion for Summary Judgment (#31) is GRANTED. The Clerk of Court is directed to enter judgment in favor of the DMV.

IT IS SO ORDERED.

DATED this 25th day of June, 2013.

                                LARRY R. HICKS
                                UNITED STATES DISTRICT JUDGE